Argued May 7, Decided July 27; notice for rehearing denied Sept. 21, 1909.

## SIMPSON v. HARRAH.

[103 Pac. 58.]

WATERS AND WATER COURSES—IRRIGATION—EVIDENCE—FINDINGS.

1. In a suit to enjoin defendant from interfering with the flow of water
into complainant's irrigation ditch, evidence *held* to warrant a finding that
defendant had unlawfully diverted the water from the main ditch, and that
this was the cause of plaintiff's water shortage and the impairment of his
crops.

WATERS AND WATER COURSES — IRRIGATION—RIGHTS TO WATER —
        PLEADING.

2. Where, in a suit to enjoin defendant from interfering with the flow of
water in plaintiffs' ditch, defendant by answer made no claim to any water
nor title to any land, and plaintiffs claimed no definite quantity of water, and
did not prove the amount to which they were entitled, a decree attempting
to establish plaintiffs' title to a definite amount of water, and to settle the
rights of the parties as to the water flowing in the main ditch, was erroneous.

APPEAL AND ERROR—REHEARING—GROUNDS—MISTRIAL OF ISSUES.

3. Where the complaint alleged that defendant had been, during the season
of 1907, and then was, wrongfully diverting water from the main ditch
described, which the evidence showed, as well as that the water did not
reach the division box, a contention made, as a ground for rehearing, that the
controversy was not over the water which flowed into the main ditch, but
over that at the division box, was untenable.

From Umatilla: HENRY J. BEAN, Judge.

This is a suit by James Simpson and Ann E. Simpson
against G. M. Harrah to enjoin defendant from interfer-
ing with the right of plaintiffs to irrigate their lands
from the irrigation ditch running from the Middle Walla
Walla River. From a decree in favor of plaintiffs,
defendant appeals.                                MODIFIED.

For appellant there was a brief with oral arguments
by *Messrs. T. P. and C. C. Gose.*

For respondent there was a brief with oral arguments
by *Messrs. Lowell & Winter.*

MR. JUSTICE EAKIN delivered the opinion of the court.

Plaintiffs are the owners of a 17-acre fruit farm, being a portion of the west one half of section 14, township 6 north, range 35 east Willamette Meridian, Umatilla County, Oregon, and they are the owners, as described in their deed, of "the right to take sufficient water to irrigate all of the above described land from the main irrigation ditch, which said main ditch runs from the Middle Walla Walla River to the west line of the east half of the southwest quarter of section 14, * * and to convey the said water in such manner as may be desired, by flume, ditch, or otherwise, along the west line of the east half of the southwest quarter of said section 14," etc. Defendant admits plaintiffs' ownership of the land described, and that it is devoted to the growth of fruits, vegetables, and alfalfa, and denies the other allegations of the complaint, but makes no claim to the water or right to the use thereof. The main ditch, which furnishes water to others besides plaintiffs and defendant, is taken from the Little Walla Walla River in the southeast quarter of the southwest quarter of section 14, extending north, and at the northwest corner of the southeast quarter of the southwest quarter of section 14 it is divided, and the ditch through which plaintiffs and defendant divert water from the main ditch continues northerly 20 or 25 rods, where it is divided between them.

1. Thus but one question is presented upon the evidence, namely: Did defendant deprive plaintiffs of the use of the water as alleged in the complaint? Upon that issue plaintiff, James Simpson, testifies that during the season of 1907 he was not able to get sufficient water to produce his crop, consisting of fruit, melons, vegetables, and alfalfa; that his crops were nearly ruined, and much of his alfalfa killed, to his damage in the sum of $500; that defendant Harrah prevented them from having any

54 OR.— 15

water at all that year; that Harrah put a dam in the ditch and turned the water down the main creek. Defendant does not dispute the testimony of plaintiff, James Simpson, to the effect that defendant turned the water from the main ditch into the creek. He says he did not obstruct the flow of the water at the division box or at any point on plaintiffs' ditch, but does not deny that he maintained the dam at the head of the main ditch. The allegation of the complaint is that defendant diverted the water from the main ditch and turned it down the creek. We think the evidence fully supports the findings of the trial court as to the cause of the shortage of water and its effect upon plaintiffs' crops.

2. It is urged that the court erred in rendering a decree in favor of plaintiffs, for the reason that plaintiffs and defendant had signed an agreement between them dividing the water at the division box; but that agreement is not involved here. Defendant by his answer makes no claim to any water, and tenders no issue as to the agreement, and plaintiffs do not complain of any diversion at the division box, but at the head of the main ditch, therefore we are not called upon to construe the agreement for the division of the water. Neither the pleadings nor the proof are sufficient to enable us to determine the water rights between plaintiffs and defendant as to the quantity of water either one needs or is entitled to, or as to their relative proportions of the water in the ditch. The evidence establishes plaintiffs' right to sufficient water to irrigate these 17 acres; that defendant wrongfully diverted the water from the main ditch; and that plaintiffs' crops were damaged by reason thereof. Defendant does not dispute plaintiffs' title to the water, except by offering in evidence an agreement between plaintiffs and defendant, by which it is provided that plaintiffs are entitled jointly to one-third of the water conveyed in a certain ditch known as the "Ingle ditch," and that defendant is entitled to 64 per cent thereof and

plaintiffs to 36 per cent, but there is no issue as to the division of the water at the box. Defendant is charged with preventing the water from flowing into the main ditch, and this is established by a preponderance of the evidence. We think, however, that the trial court went beyond the issues in dividing the water between plaintiffs and defendant. Defendant has alleged or shown no right to any water nor title to any land, except at the trial plaintiffs admitted that defendant "is the owner of the lands described in the complaint." But this is unintelligible taken in connection with the pleadings. Plaintiffs' land is described in the complaint, and the answer admits that "plaintiffs are the owners of the land described in said complaint." The complaint also describes the east one half of the southwest quarter of section 14, over which a portion of the ditch is constructed, but clearly the plaintiffs do not mean to admit that defendant is the owner of that 80 acres, and the record indicates he is not. But this is immaterial, as there is no issue tendered in relation thereto. When these issues arise, they can be tried out.

Plaintiffs have claimed no definite quantity of water nor does the evidence disclose the amount to which they are entitled, and therefore the decree cannot establish their title to any definite quantity of water or settle the relative rights of plaintiffs and defendant. The only relief the court can grant is to enjoin defendant from preventing, or in any manner interfering with the flow of the water from the Little Walla Walla River into the main ditch, and to give plaintiffs judgment for $300 damages, allowed by the lower court, which we find was suffered by plaintiffs, and a decree will be rendered here accordingly, neither party to recover costs of this appeal.

MODIFIED.

Decided September 21, 1909.

## ON MOTION FOR REHEARING.

[103 Pac. 1007.]

MR. JUSTICE EAKIN delivered the opinion of the court.

Counsel, by this motion, urges that the controversy was not over the water which flowed in the main ditch at its intake, but was over the water at the division box; but in this he is in error. The charge in the complaint is "that the defendant has been, during the season of 1907, and now is, wrongfully and unlawfully diverting the water from the main ditch above described," and this was sustained by the proof. The evidence shows that the water did not reach the division box, but was diverted at the creek. The case cannot be retried, as suggested by counsel, upon the points urged, without new pleadings, and this court is not the forum in which to seek such relief.

The motion is denied.

MODIFIED: REHEARING DENIED.